IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| ANITA JAN VAN METER | § | |
| VS. | § | CIVIL ACTION NO. 4:06cv127 |
| SHERIFF J. KEITH GARY, ET AL. | § | |

MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Anita Jan Van Meter, formerly an inmate confined at the Grayson County Jail, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Don D. Bush, United States Magistrate Judge, at Sherman, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed without prejudice because it was filed by Petitioner's son and he had not established standing to file the petition on her behalf.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the

objections in relation to the pleadings and the applicable law. See FED. R. CIV. P. 72(b).

Petitioner asserts that she is now out of custody and wants her petition for writ of habeas corpus prosecuted. After careful consideration, the court concludes Petitioner's objections should be overruled. As the magistrate judge observed, Petitioner's son did not establish he had standing to bring the petition on Petitioner's behalf. Additionally, as Petitioner is no longer confined, the goal of this petition has been satisfied. Thus, the petition should be dismissed as moot. Further, Petitioner has neither alleged nor demonstrated that she exhausted state habeas remedies prior to filing this petition.

Section 2241 contains no statutory exhaustion requirement. See 28 U.S.C. §2241(c)(3). However, an exhaustion requirement has been jurisprudentially created in cases involving pre-trial § 2241 petitions by state prisoners. See Dickerson v. State, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956 (1987), and cases cited therein. The rationale behind requiring exhaustion in pre-trial § 2241 habeas petitions is:

> that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the

>petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Id.*

In order to exhaust properly, a petitioner must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270 (1981). The federal claim must be the substantial equivalent of that presented to the state courts in order to satisfy the "fairly presented" requirement. *Id.* at 275-76, 278.

An available state habeas remedy exists for petitioner to pursue her claims. In Texas, a person confined after indictment on a charge of felony may file an application for writ of habeas corpus pursuant to Article 11.08. TEX. CODE CRIM. PROC. § 11.08 (Vernon 2003). In accordance with Article 11.08, a person confined after indictment may apply to the judge of the court in which he is indicted. *Id.*

Petitioner has neither alleged nor demonstrated the challenge to her confinement has been "fairly presented" to the highest state court in a procedurally correct manner. Accordingly, the petition should also be dismissed for failure to exhaust habeas remedies.

### O R D E R

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are

3

correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED this 31st day of May, 2006.**

　　　　　　　　　　　　　　　　　　　_/s/ Michael Schneider_
　　　　　　　　　　　　　　　　　　　MICHAEL H. SCHNEIDER
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE